**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**RONNIE LYLES**                                                                                              **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO.** 3:22-cv-286-TSL-RPM

**C. R. ENGLAND, INC.**                                                                                **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Ronnie Lyles, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII and 42 U.S.C.§1981 for race discrimination against the Defendant, C. R. England, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Ronnie Lyles, is an adult male who resides in Lauderdale County, Mississippi.

2. Defendant, C. R. England, Inc., is a Utah corporation located in Salt Lake City, Utah, that may be served with process by serving its registered agent: Corporation Service Company, 15 West South Temple, Suite 600, Salt Lake City, Utah 84101.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over the claims asserted against the Defendant and venue is proper in this Court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC for Retaliation on November 2, 2020, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue with an electronic signature

dated March 3, 2022, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

5. Plaintiff is a 64-year-old black male resident of Lauderdale County, Mississippi.

6. On October 2, 2020, Plaintiff initiated an effort to gain employment as a Truck Driver at C.R. England, Inc. (CRE).

7. In 2000, Plaintiff was charged with Indecent Behavior and sentenced to 20 years of prison.

8. Plaintiff's name was placed on the Sex Offender Registry.

9. Plaintiff was released from prison in July 2020.

10. On October 2, 2020, Plaintiff completed an online application for employment at CRE.

11. On that online application, Plaintiff listed his race as African American/Black.

12. Also, the online application contained the question, "Have You Ever Been Convicted of a Felony"? to which Plaintiff responded with, "Yes".

13. When Plaintiff endorsed yes, another box opened and asked for the details of his felony.

14. Plaintiff then typed out how he was charged with Indecent Behavior in 2000.

15. Once Plaintiff completed the online application, Mr. Lyles submitted it and

it was received by Hiring Manager Todd Glad (white male).

16. Because of the positive felony endorsement on the online application, Mr. Glad filed for a Background Check Report.

17. Still on that same date (October 2, 2020), Mr. Glad telephoned Plaintiff to conduct an interview.

18. During the interview, Mr. Glad mentioned that he saw that Plaintiff had endorsed having a positive felony conviction on the online application.

19. Mr. Glad stated to Plaintiff, "Please explain to me about this Indecent Behavior Conviction?"

20. Plaintiff responded, "It came about because of jealousy from an ex-girlfriend of mine.  We had a breakup, and because of her jealousy she wanted to hurt me by accusing me with false charges, i.e., the girlfriend accused Plaintiff of inappropriately touching two of her nieces (both minors) on their breasts.  Both nieces and the girlfriend's sister attempted to explain that the accusations against Plaintiff were not true, but the District Attorney refused to drop the charges.  The District Attorney was suspicious of the girlfriend's sister and threatened to have her daughters removed from her custody if she continued to press the issue of absolving Plaintiff.

21. Plaintiff explained that he could send Mr. Glad a copy of an affidavit given by the girlfriend's sister.

22. Mr. Glad sympathized with what Plaintiff had been through and said they could continue with his (Plaintiff's) application process.

23. On October 3, 2020, Mr. Lyles emailed a copy of the sister's affidavit to Mr. Glad.

24. Following the interview, Mr. Glad navigated Plaintiff through the hiring procedure and issued him an Employee Identification Number 409661.

25. On October 19, 2020, Plaintiff was transported, at CRE's expense, to Salt Lake City, Utah to meet with Liaison Christy Serrano (white female) for a New Hire Orientation.

26. After completing orientation testing, Ms. Serrano asked Plaintiff to walk with her.

27. While they were walking to her office, Ms. Serrano stated, "Todd told me that he looked at your Background Report and saw that you are a black male on the sex registry, and asked me if I knew anything about this and I told him no. He said you didn't sound like a black person and [he] thought you were white at first. However, bottom line is, Todd said that I have to let you go."

28. Once they arrived at Ms. Serrano's office, she called Mr. Glad while Plaintiff was present and sitting across from her desk.

29. Plaintiff asked if he could speak with Mr. Glad, and Ms. Serrano handed Plaintiff the phone.

30. Plaintiff asked Mr. Glad why he was being let go.

31. Mr. Glad asked Plaintiff, "Mr. Lyles, are you a black man on the sex offender registry?"

32. Plaintiff responded that he was, and Plaintiff referred to the conversation the two of them had had previously on October 2, 2020, in which he (Plaintiff) detailed the whole matter to Mr. Glad.

33. Mr. Glad responded he was sorry, but they would just have to let him (Plaintiff) go.

34. Mr. Glad then hung up.

35. Plaintiff then asked Ms. Serrano why he was being let go.

36. Ms. Serrano then arranged an audio-video conference with Mr. Glad.

37. During that conference, Plaintiff again appealed to Mr. Glad as to why he was being terminated, but Mr. Glad merely said the decision was made.

38. On November 2, 2020, Plaintiff filed an EEOC Charge of Discrimination due to Race.

39. On February 23, 2021, CRE responded to Plaintiff's EEOC Charge of Discrimination with a Position Statement.

40. In the Position Statement, CRE alleged that Plaintiff "informed [Mr. Glad] that he did not have a felony conviction. [Mr. Lyles] also indicated in his application that he had never been convicted of a felony."

41. Plaintiff contends that neither of these statements is true.

42. Rather, Plaintiff asserts he endorsed the history of felony conviction on the online application and after that he verbally and in detail explained the felony conviction to Mr. Glad, as described above.

43. The Position Statement alleges that it was not until October 19, 2020 that CRE "discovered that [Mr. Lyles] had lied about his criminal history."

44. As described above, Plaintiff explained his history of felony conviction in detail to Mr. Glad on October 2, 2020.

45. Moreover, the Background Check Report requested by Mr. Glad was

initiated on October 2, 2020 and completed on October 5, 2020.

46. It is just not true that CRE did not know about Plaintiff's criminal history until October 19, 2020.

47. When CRE presented the EEOC with its Position Statement, they included Plaintiff's online application as an exhibit.

48. The application CRE submitted shows Plaintiff as having endorsed no history of felony conviction.

49. Plaintiff contends he did in fact endorse a history of felony conviction, but CRE went back into the online application and fraudulently altered it before sending it to the EEOC.

50. On October 19, 2020, Plaintiff received an email from CRE stating, "We have received your request to reset your password…" Plaintiff was confused because he had made no such request.

51. On that same date at 9:48 a.m., Plaintiff also received an email from CRE stating that a change had been made to his portal account.

52. Plaintiff had not made any recent changes to his CRE portal account.

53. Plaintiff contends that Mr. Glad, or someone else at CRE, altered his (Plaintiff's) CRE online application to appear as though he answered no to the question about his history of felony conviction.

54. As further evidence to indicate that someone other than Plaintiff had made changes to the application, Plaintiff points to how under Employer #1 on the application, the Start Date was changed to "10/19/19".

55. Plaintiff states he did not endorse this and would not have, since he was

still in prison at that time.

56. It is noteworthy that both Ms. Serrano and Mr. Glad referred to Plaintiff's race in the context of the discussion as to Plaintiff being terminated.

57. As evidenced by the facts that occurred, the skewed and discriminatory logic of Mr. Glad was essentially, 'if you were a white person with a felony, we could proceed with employment, but since you are a black person, we cannot.'

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII - RACE DISCRIMINATION

58. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 57 above as though specifically set forth herein.

59. Plaintiff has been discriminated against by the Defendant in the terms and conditions of his employment on the basis of his race, African American.

60. As evidenced by the facts that occurred, the skewed and discriminatory logic of Mr. Glad was essentially, 'if you were a white person with a felony, we could proceed with employment, but since you are a black person, we cannot.'

61. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

62. The acts of the Defendant constitute a willful intentional violation of Title VII and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT II: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION

63. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 62 above as though specifically set forth herein.

64. Plaintiff has been discriminated against by the Defendant in the terms and conditions of his employment on the basis of his race, African American.

65. As evidenced by the facts that occurred, the skewed and discriminatory logic of Mr. Glad was essentially, 'if you were a white person with a felony, we could proceed with employment, but since you are a black person, we cannot.'

66. Plaintiff has been harmed as a result of the Defendant's retaliation, and the Defendant is liable to the Plaintiff for the same.

67. The acts of the Defendant constitute a willful intentional violation of 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. A tax gross up and all make whole relief;
6. Attorney's fees;
7. Lost benefits;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 31st day of May 2022.

                                           Respectfully submitted,

                                           RONNIE LYLES, Plaintiff

                                     By: <u>/s/Louis H. Watson, Jr.</u>
                                              Louis H. Watson, Jr. (MB# 9053)
                                              Nick Norris (MB# 101574)
                                              Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com